**Dalia Medina MIRANDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70606.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 30, 2007.

John R. Alcorn, Esq., Law Offices of John R. Alcorn, Irvine, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Dalia Medina Miranda petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, see Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001), and we deny the petition for review.

Medina Miranda contends the IJ violated due process by not allowing testimony from her relatives. However, the proceedings were not "so fundamentally unfair that [Medina Miranda] was prevented from reasonably presenting [her] case." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Medina Miranda failed to demonstrate that additional testimony would have affected the outcome of the proceedings. See id.

(requiring prejudice to prevail on a due process challenge).

Contrary to Medina Miranda's contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. See Ramirez–Perez v. Ashcroft, 336 F.3d 1001, 1006 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

